**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTINE PURNELL AND LARRY LEWIS, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | N<u>o.</u> 23-cv- |
| | ) | |
| Plaintiffs, | ) ) | **Hon. Judge** **U.S. District Court Judge, Presiding** |
| | ) | |
| v. | ) ) | Hon. Judge Magistrate Judge |
| WELLBE SENIOR MEDICAL, LLC D/B/A WELLBE MEDICAL SERVICES, A DELAWARE LIMITED LIABILITY COMPANY CORPORATION, WELLBE SENIOR MEDICAL ILLINOIS, P.C., AN ILLINOIS PROFESSIONAL CORPORATION | ) ) ) ) ) ) ) | _**JURY DEMAND**_ |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COME Plaintiffs, **CHRISTINE PURNELL AND LARRY LEWIS,** ("Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, by and through their attorneys, John W. Billhorn and Samuel D. Engelson of Billhorn Law Firm, and for their Complaint against Defendants, **WELLBE SENIOR MEDICAL, LLC D/B/A WELLBE MEDICAL SERVICES, WELLBE SENIOR MEDICAL ILLINOIS, P.C.** (the "Defendants" or "WellBe"), state as follows:

## I.    NATURE OF ACTION

1.    This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, _et seq._, the Illinois Minimum Wage Law, 820 ILCS §105/1 _et seq._, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1 _et seq_, and the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, and for the supplemental Illinois statutory claim, pursuant to 28 U.S.C. §1367.

3.     Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## III.     THE PARTIES

4.     Defendants, **WELLBE SENIOR MEDICAL, LLC D/B/A WELLBE MEDICAL SERVICES, WELLBE SENIOR MEDICAL ILLINOIS, P.C.** (hereinafter referred to collectively as "WellBe") are limited liability companies registered in Delaware and Illinois, respectively, that operate that own and operate a third-party patient services and administration business. WellBe

5.     WellBe's primary business address is 225 W Washington St, Suite 1500 in Chicago, Illinois. WellBe also operates an additional call center facility at 650 Warrenville Rd., Suite 200 in Lisle, Illinois.

6.     WellBe  is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 29 U.S.C. §203(s)(1)(A)(i) and based upon information and belief formed after reasonably inquiry, satisfies the minimum annual gross sales dollar amount required by 29 U.S.C. §203(s)(1)(A)(ii).

7.     WellBe ordered, used and handled goods and materials, including office and computer equipment and other products which moved in interstate commerce prior to being used or purchased in Illinois.

2

8.  During all relevant times, WellBe was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiffs and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

9.  WellBe, including through their executive and corporate employees, oversaw all operations of WellBe in Illinois, including business strategy and daily operations, and was responsible for assigning tasks, creating and distributing schedules, staff supervision, wage policies and otherwise oversaw all aspects of WellBe's business operations and customer interactions.

10. Plaintiffs were directed to, and did, communicate all employment issues, including the wage and hour violations asserted herein, to WellBe, via their corporate employees. WellBe in turn responded to those communications with the authority described herein.

11. Plaintiff, **CHRISTINE PURNELL,** is a former Customer Service Representative ("CSR") and Supervisor CSR Call Center ("Spv CSR") employee of Defendants.

12. Plaintiff, **LARRY LEWIS,** is a former Customer Service Representative ("CSR") and Supervisor CSR Call Center ("Spv CSR") employee of Defendants.

13. Plaintiffs were initially hired as CSRs and paid by salary. As CSRs, Plaintiffs, spent all working hours making outbound phone calls to patients of WellBe's insurance provider clients to schedule appointments and other care. Plaintiffs were provided call lists, patient contact information, talking points and other relevant details by WellBe. Plaintiffs worked in excess of 40 hours per week as salaried CSRs but did not receive any overtime wages for hours worked over 40.

14.     In approximately March 2023, Plaintiffs and other CSRs were converted from salary-exempt employees to non-exempt hourly employees. Plaintiffs nor other CSRs were provided with any reasoning behind the change in compensation. Plaintiffs' job duties and job titles were unchanged.

15.     Plaintiffs were later promoted to Spv CSRs and classified as salary-exempt employees. During Plaintiffs' employments as salaried Spv CSRs, they spent substantial working time performing various non-exempt duties typically performed by hourly CSRs as assigned by WellBe.

16.     Over the course of their employments, Plaintiffs did not exercise independent discretion or judgment on matters of significance in either their CSR or Spv CSR roles. Plaintiffs' primary job duties of conducting routine phone calls using pre-determined talking points, completing routine, form paperwork and the like. Each of these duties served WellBe's primary business initiatives of conducting business and services required by WellBe's agreements their health insurance provider clients. If Plaintiffs did conduct patient phone calls and related secretarial tasks, WellBe's patient administration and service business could not operate. These tasks were not related to management or general business operations.

17.     Over the course of their employments, Plaintiffs did not manage two (2) or more full time employees, or direct WellBe's overall strategic business operations.

18.     During Plaintiffs' employments with WellBe, Plaintiffs spent their working time either performing non-exempt CSR work (conducting phone calls as assigned and required by the call list distributed by WellBe) or otherwise performing duties which did not require exercise of independent discretion and judgment, as WellBe's exerted total control over Plaintiffs' job duties and their strategic business initiatives.

19. As such, Plaintiffs were mis-classified as salary-exempt employees. WellBe should have compensated Plaintiffs and other CSRs and Spv CSRs as hourly employees entitled to overtime premiums for hours worked over 40 in individual work weeks.

20. Throughout all times pertinent to Plaintiffs' claims herein, WellBe applied a common policy as to Plaintiffs and all CSRs and Spv CSRs at all locations in Illinois and nationally in that WellBe classified all CSRs as "salary exempt" on the premise of the "administrative exemption" found at 29 U.S.C. §§ 207 (a)(1), 213. See also C.F.R. § 541.200(a).

21. Additionally, throughout all times pertinent to Plaintiffs' claims herein, at all locations in Illinois, WellBe applied a common policy, developed by WellBe's corporate management that was embedded in its management policies and procedures relative to CSRs and Spv CSRs.

22. This common policy promoted, encouraged, and resulted in CSRs, including the Named Plaintiffs herein, to participate and engage in substantially similar and comparable, essential job duties and tasks on a daily or weekly basis that:

a)    were not primarily office or non-manual;

b)    were not directly related to management or general business operations of WellBe;

c)    did not include the primary duty of discretion and independent judgment on matters of significance, and;

d)    required Plaintiffs to work in excess of 40 hours per week without receiving time and one-half compensation for those hours in excess of 40 in a workweek.

23. Additionally, the claims of the Named Plaintiffs, and the Plaintiff Class, are nearly identical in that regardless of which location any CSR herein worked, WellBe hired, recruited, enrolled and offered employment as an CSR to all members of the Plaintiff Class premised on an

a single, identical job description, including identical job duties, job objectives, job responsibilities, job qualifications (including experience and education), language skills, manual labor capabilities and general working conditions.

24.    The CSR job description, which was used and implemented at all of WellBe offices within the District of Illinois, was drafted, approved and disseminated by WellBe's corporate offices in line with WellBe's corporate directives and policies that were common to all Illinois stores.

25.    As a result of the common policies described above, the Named Plaintiffs and members of the Plaintiff Class were improperly classified as salary exempt and denied overtime pay for work in excess of 40 hours in a work week.

26.    Common questions of law exist among the claims of the Named Plaintiffs and members of the Plaintiff Class in that each CSR's claims rest upon a challenge of WellBe's claimed exemption(s).

27.    All other unnamed Plaintiffs, known and unknown ("members of the Plaintiff Class", "Plaintiff Class" or "similarly situated Plaintiffs"), are past or present salaried CSR (or CSRs whose job titles were changed to CSR) employees who were also on a salary basis and did not receive overtime premiums at a rate of one-and one-half their regular hourly rates of pay for hours worked in excess of 40 in a workweek as described herein.

28.    As an employee(s) performing duties for an enterprise engaged in commerce, the Named Plaintiffs and all members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV.    STATUTORY VIOLATIONS

### Collective Action Under the Fair Labor Standards Act

29.   Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by the Named Plaintiffs as an opt-in representative or collective action, on behalf of themselves and other Plaintiffs similarly situated who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et seq.*, to recover unpaid overtime wages and additional damages. Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

### Illinois Minimum Wage Law

30.   Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 et seq., Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count IV. The claims asserted by Plaintiff herein under the IMWL are proper for certification under Federal Rule of Civil Procedure 23.

### Chicago Minimum Wage Ordinance

31.       Pursuant to the Chicago Minimum Wage Ordinance ("CMWO"), § 6-105-040 of the Municipal Code of Chicago, Count V of this action is brought by Plaintiff to recover unpaid overtime wages earned on or before the date three (3) years prior to the filing of this action. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count V. The claims asserted by Plaintiffs herein under the CMWO are proper for certification under Federal Rule of Civil Procedure 23.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

32.     Plaintiffs, at all times pertinent to the cause of action, were employed by Defendants.

33.     Plaintiffs' employments as CSRs were integral and indispensable to WellBe's business.

34.     Plaintiff Purnell began working for WellBe in approximately January 2022.

35.     Plaintiff Lewis began working for WellBe in approximately August 2021.

36.     At the beginning of Plaintiffs' employments, they were hired as CSRs. As CSRs, Plaintiffs were initially compensated on a salary basis and classified by WellBe as exempt from overtime compensation.

37.     Plaintiffs' jobs as CSRs were to conduct outbound phone calls to patients of WellBe's insurance provider clients to schedule appointments and other care, as well as advise patients about other insurance services they qualified for. Pllaintiffs were provided call lists, patient contact information, scripts and additional talking points and other relevant details by WellBe. Plaintiffs were to communicate with patients as required by WellBe and their insurance provider clients. Plaintiffs' primary goal was to schedule nurse practitioner visits to the patients' homes.

38.     Purnell was paid a $50,000 per year salary as a CSR. Lewis was paid a $48,000 per year salary as a CSR.

39.     At the beginning of Plaintiffs' employments, they dialed phone numbers or otherwise initiated phone calls themselves. Later during their employments, WellBe implemented an auto-dialing computer system which initialed the calls for Plaintiffs.

40.     Purnell typically worked at least six (6) days per week from 7:00 a.m. to 3:30 p.m. and then 4:00 p.m. to 8:00 p.m. Purnell worked from WellBe's office Monday through Friday. Purnell worked from home using her company-issued laptop and phone on Saturday and sometimes Sunday. Purnell regularly worked at least 45 hours each week.

41.     Lewis typically worked at least six (6) days per week. Lewis regularly worked at least 45 or more hours each week.

42.     Plaintiffs were encouraged by WellBe to work as many hours as they could.

43.     WellBe was aware of the hours worked by Plaintiffs because WellBe's computer systems tracked their call records. When Purnell worked in the office, she used a security code to check in and enter the office. WellBe did not require Plaintiffs to formally clock in and out with a timekeeping system because of exemption WellBe claimed as to them and other CSRs and Spv CSRs.

44.     Plaintiffs were evaluated by WellBe, among other metrics, mainly based on how many nurse practitioner visits they were able to schedule with patients.

45.     In December 2022, Lewis was promoted to CSR Spv. Purnell was promoted to the same position in March 2023. Lewis received a raise from approximately $48,000 to $55,000 per year. Purnell received a raise from approximately $50,000 to $57,000 per year.

46.     When Plaintiffs were hired as CSR Spvs, they were advised that they would assigned teams of CSRs to manage. Plaintiffs were told they would provide coaching, one-on-one training and evaluation as well as assist with hiring and firing. However, when Plaintiffs actually began CSR Spv work, they did not actually perform these managerial or supervisory duties.

47.     Plaintiffs were provided template training documents that contained specific instructions and techniques CSR work. Plaintiffs were instructed to use WellBe's template training

and technique documents and not deviate from them. Plaintiffs had no authority to unilaterally alter or otherwise suggest changes to WellBe's template materials and instructions.

48.     As Plaintiffs began their employments as CSR Spvs with WellBe, Plaintiffs' actual day-to-day job duties differed from those asserted by WellBe when the promotions were offered.

49.     As, CSR Spvs, Plaintiffs essentially performed the same job duties as CSRs, as described above.

50. Plaintiffs were not provided with the same managerial access as other WellBe managers, supervisors or directors.

51.     In their jobs as  CSR Spvs, Plaintiffs were only able provide limited guidance and feedback regarding CSR calling techniques based on WellBe's various corporate policies, training documents and strategies. Plaintiffs were not permitted to provide any feedback other than to reiterate the strategies and techniques implemented by WellBe through stringent corporate policies.

52.     Moreover, most of Plaintiffs' "feedback" to other CSRs were general, common sense tactics that did not require special skill(s), higher education or other certification in sales or management.

53.     Plaintiffs did not have any direct reports, such that none of the CSRs who Plaintiffs "supervised" or otherwise worked with at WellBe actually reported to Plaintiffs regarding any aspect of their jobs.

54.     All discipline and other personnel decisions related to the CSRs Plaintiffs worked beside were reported to other upper level management.

55.     Further, Plaintiffs had no input and made no contributions to employee evaluations of the CSRs they worked beside. Those functions were handled by other upper-management level employees of WellBe.

56.     Plaintiffs' jobs were and are a product of WellBe's myriad common policies and uniform procedures developed and implemented by WellBe's corporate offices.

57.     Plaintiffs and all other CSRs and CSR Spvs were employed under the terms the those position description(s). All CSRs and CSR Spvs were each provided identical copies of a position description at the start of their employments.

58.     The common terms of employment for CSRs, including salary compensation for all hours worked, were intentionally and purposefully made identical by WellBe in each store location within the District of Illinois so that WellBe could establish uniformity and common practice among its various grocery stores.

59.     The uniform and common practices and policies implemented by WellBe, including the job duties and compensation structure, applied to all CSRs, including Plaintiffs. These uniform and common practices and policies as to CSRs were vital for WellBe to successfully replicate its consistent and proven model.

60.     Due to the uniform model and related common policies and practices implemented by WellBe's corporate offices, most, if not all, of the CSR job duties as described were pre-determined by Defendant's corporate policies, directives, template forms, manuals and instructions, etc.

61.     WellBe, through its corporate offices, executive employees and other upper management employees, exercised extensive control over the CSR job duties and day-to-day assignments, duties and tasks undertaken by Plaintiffs and other CSRs.

62. Plaintiffs' job duties and tasks were highly regulated and controlled, sometimes on a step-by-step and incremental level, by WellBe's common corporate policies, structures, manuals and forms (i.e., training materials, sales strategies, scripts, etc.) such that Plaintiffs and members of the Plaintiff Class were prohibited from exercising discretion and independent judgment as to matters of significance within WellBe's operations.

63. As CSRs, Plaintiffs were directed by WellBe to strictly adhere to corporate policies and manuals, template forms, scripts, letters and documents, computer programs, and related items that were implemented at all offices in the District of Illinois.

64. Because Plaintiffs and members of the Plaintiff Class were required to adhere to WellBe's uniform policies and guidelines, they were unable to exercise discretion and independent judgment as to the CSR duties outlined by WellBe in position descriptions.

65. WellBe directly controlled most, if not all, aspects of the day-to-day CSR duties of Plaintiffs and members of the Plaintiff Class, through both common and uniform corporate policies and other verbal or written instructions by WellBe's management employees based on said policies.

66. This level of control exerted by WellBe afforded no opportunity for Plaintiffs and members of the Plaintiff Class to exercise the degree of discretion and independent judgment necessary to satisfy the administrative exemption or any other purported salary exemption.

67. Additionally, Defendants provided step-by-step instructions to Plaintiffs and members of the Plaintiff Class regarding appointment scheduling and promotion of insurance products, which were of importance to WellBe in maintaining its uniform, profitable business model and which resulted in Plaintiffs and other CSRs exercising no discretion as to how appointment scheduling was accomplished or how to purportedly train lower-level CSRs.

68.     Most tasks performed by Plaintiffs and members of the Plaintiff Class required the review and approval of WellBe's management-level employees, who would review Plaintiffs' work in conjunction with WellBe's uniform corporate procedures and guidelines, such that Plaintiffs and members of the Plaintiff Class were not permitted to independently make decisions regarding the majority of the aspects of their day-to-day job duties.

69.     Plaintiffs and members of the Plaintiff Class were evaluated by WellBe's management employees on a regular basis. Plaintiffs and all CSRs were evaluated using identical, universal and common job performance evaluations developed by WellBe's corporate office that were used by all offices in the District of Illinois.

70.     Over the course of their employments, Plaintiffs and members of the Plaintiff Class were reprimanded by WellBe's upper management employees, including during regular employment evaluations, for failure to adhere satisfy the strict metrics based on the corporate guidelines, protocols, standards, policies and practices that determined most, if not all, aspects of the job duties of Plaintiffs and Plaintiff Class members and how said duties were to be performed.

71.     As a result of Defendant's overbearing, extensive and minute involvement and control over the day-to-day duties of Plaintiffs and members of the Plaintiff Class and the affirmative lack of any supervisory responsibility, CSRs and CSR Spvs did not qualify for the administrative exemption or executive exemption and should have been paid by the hour, including overtime premiums for hours worked in excess of 40 in individual work weeks.

72.     Plaintiffs and members of the Plaintiff Class worked or work in excess of forty (40) hours in a workweek without pay for hours worked over forty (40) at a rate of time and one-half their regular hourly rate of pay, pursuant to the requirements of the federal and state statutes herein relied upon.

73.    WellBe has, both in the past and presently, willfully employed Plaintiffs and members of the Plaintiff Class as CSRs without pay at a rate of one and one-half times their rates of pay for hours worked in excess of 40 in a workweek.

74.    The total number of hours worked by Plaintiffs and members of the Plaintiff Class, and therefore the total number of overtime hours for which additional compensation is owed, is information substantially, if not completely, within the control and possession of WellBe, in that WellBe recorded or should have recorded such hours pursuant to the record keeping requirements found Title 29 CFR, Part 516. To the extent WellBe lacks the records required by 29 CFR Part 516, Plaintiffs and members of the Plaintiff Class will be capable of providing reasonable estimates of that time, as permitted by law.

75.    The non-compliant practices as alleged herein are common to Plaintiff and all other CSRs.

76.    During their entire employments with WellBe, Plaintiffs, and members of the Plaintiff Class, were paid on a bi-monthly basis, every other week. Plaintiffs, and members of the Plaintiff Class, were only paid their regular salary for all hours worked, including hours in excess of 40 hours in a single work week.

77.    Upon information and belief, Plaintiffs understood that other CSR and CSR Spv employees at all WellBe locations in Illinois were paid in the same or similar fashion as described above and were also denied overtime premiums for hours worked in excess of 40 in individual work weeks as a result of WellBe's improper salary classification.

78.    Plaintiffs, and members of the Plaintiff Class on a regular basis worked in excess of forty (40) hours in a workweek without pay at a rate of time and one-half their hourly rates of pay for such hours pursuant to the requirements of the federal and state law.

79.    Plaintiffs and members of the Plaintiff Class were not exempt from the overtime provisions of the FLSA or COMPS. Likewise, Plaintiffs and members of the Plaintiff Class were entitled to the wage protections afforded by the CWA, which applies to timely payment of earned overtime wages. As such, Plaintiffs and similarly situated employees were and are entitled to overtime premiums of time and one-half their hourly rates of pay for hours worked over 40 in individual work weeks.

80.    The claims brought herein by the Named Plaintiffs are based on non-compliant practices and policies implemented by WellBe and are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-80. Paragraphs 1 through 80 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 80 of this Count I.

81.    Plaintiffs, and members of the Plaintiff Class, were each an "employee" pursuant to 29 U.S.C. §203(e).

82.    Defendants were each an "employer" pursuant to 29 U.S.C. §203(d).

83.    Plaintiffs, and members of the Plaintiff Class, were not exempt from the maximum hours provisions of 29 U.S.C. §207.

84.    Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, the named Plaintiffs, and all other Plaintiffs similarly situated, known and unknown, are entitled to

compensation for all hours worked and compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

85.     Defendants have at all times relevant hereto failed and refused to pay compensation to their workers/employees, including the Named Plaintiffs herein and all other Plaintiffs similarly situated, known and unknown as described above.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b)     prejudgment interest with respect to the total amount of unpaid overtime compensation;

(c)     Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and

(d)     such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-85.     Paragraphs 1 through 85 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 85 of Count II.

86.     WellBe's actions as complained above were done with WellBe's knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether the policies and practices were in violation of those statutes.

87.    Through legal counsel as well as industry experience and custom, and the extraordinary resources available to WellBe, WellBe possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

88.    Pursuant to the Fair Labor Standards Act, Plaintiffs and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rates of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)    back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)    prejudgment interest with respect to the amount of unpaid overtime compensation;

(c)    Plaintiffs' reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d)    such additional relief the Court deems appropriate under the circumstances.

**COUNT III**

**LIQUIDATED DAMAGES**
**UNDER THE FAIR LABOR STANDARDS ACT**

1-88.   Paragraphs 1 through 88 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 88 of Count III.

89.     In denying Plaintiffs and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

90.     Through legal counsel as well as industry experience and custom, and the extraordinary resources available to WellBe, WellBe possessed ample access to the regulations and statutory provisions relating to the municipal, state and federal laws recited herein, but either failed to seek out such information and guidance or did seek out the information and guidance but failed to adhere to the principles of compliance as stated.

91.     The Named Plaintiffs and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order awarding:

(a)     liquidated damages equal to the amount of all unpaid compensation;

(b)     Plaintiffs' reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c)     such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-91.   Paragraphs 1 through 91 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 91 of this Count IV.

92.     Plaintiff, and members of the Plaintiff Class, were each an "employee" under 820 ILCS 105/3(d) of the IMWL.

93.     Defendants were each an "employer" as defined in the IMWL, 820 ILCS 105/3(c).

94.     Plaintiff, and members of the Plaintiff Class, were not exempt from the overtime wage provisions of the IWML, 820 ILCS 105/4(a).

95.     As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

96.     The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and treble the amount of the underpayments and a statutory interest penalty in the amount of 5% of the underpayments for each month such underpayments remain unpaid.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)     awarding an amount of damages, to be shown by the evidence, to which Plaintiffs are entitled;

(c)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)     directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

## COUNT V

### SUPPLEMENTAL MUNICIPAL CLAIM
### VIOLATION OF THE CHICAGO MINIMUM WAGE ORDINANCE

1-96.    Paragraphs 1 through 96 of Count IV are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 96 of this Count V.

97.    Plaintiff, and members of the Plaintiff Class, were each an "employee" under the CMWO§ § 6-105-010 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 1-24-050.

98.    Defendants were each an "employer" as defined in the CMWO§ 6-105-010.

99.    Under § 6-105-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

100.    Defendants' failure and refusal to pay any wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the § 6-105-010.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rate of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

(b)    Statutory interest damages in the amount of three times the amount of unpaid overtime;

(c)    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and,

(d)     for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

***Electronically Filed 10/24/2023***

/s/ Samuel D. Engelson
Samuel D. Engelson
John William Billhorn
Attorneys for Plaintiff, and those similarly
situated, known and unknown

BILLHORN LAW FIRM
53 W. Jackson Blvd., Suite 1137
Chicago, Illinois 60604
(312)-853-1450